
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| MANUEL EDGARDO MUNOZ MUNOZ, AKA Manuel Munoz, | No.   14-73158 |
|  | Agency No. A077-101-476 |
| Petitioner, |  |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2018**
Pasadena, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and HOYT,*** District
Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Kenneth M. Hoyt, United States District Judge for the
Southern District of Texas, sitting by designation.

Petitioner Manuel Edgardo Munoz Munoz ("Munoz"), a citizen of El Salvador, appeals the Board of Immigration Appeals ("BIA") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The immigration judge ("IJ") and BIA denied Munoz's claim for asylum because he failed to meet the one-year deadline for filing an application. 8 U.S.C. § 1158(a)(2)(B). Substantial evidence supports the conclusion that Munoz did not satisfy his burden to establish either changed or extraordinary circumstances that would qualify for an exception to the deadline. 8 U.S.C. § 1158 (a)(2)(D). Although Munoz was diagnosed with AIDS in 1998, he did not submit his asylum application until 2013. While Munoz claims severe depression hindered his ability to timely file his application, he submitted no evidence to support this claim. Munoz was thus statutorily ineligible for asylum, but remained eligible for withholding or CAT protection.

As part of his claim for relief, Munoz contends he was sexually abused by family members and an adult male neighbor because he was effeminate and perceived to be gay or bisexual. He did not report this abuse to the authorities, which led the IJ and BIA to conclude Munoz had not shown he was persecuted by a group the government was unable or unwilling to control, citing *Castro-Martinez v. Holder,* 674

2

F.3d 1073 (9th Cir. 2011). However, *Castro-Martinez* was overruled by this court in *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1056 (9th Cir. 2017)(en banc). We therefore grant the petition with respect to Munoz's withholding claim so that the agency can, in the first instance, apply this court's newly enunciated law to determine whether Munoz has demonstrated past persecution on this ground. Because neither party had the benefit of our precedent at the time of the original hearing, we remand on an open record.[1]

**RELIEF DENIED in part, GRANTED in part, and REMANDED in part for proceedings consistent with this disposition. Each party shall bear their own costs on appeal.**

---

[1] We also remand Munoz's CAT claims in the event that additional evidence adduced on remand may have an additional impact on those claims.